UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

HENRY JIMENEZ, BRAYAN SANTIAGO, and
GERALD SANTIAGO

                                        Plaintiffs,

            - against –

CITY OF NEW YORK, LOWELL TAPIA, JEFFREY
WARD, THOMAS SCHIR, PEDRO MARCANO,
MAINUL HAQUE, JOSEPH O'SHEA, CHRISTIAN
ANASA, EMMANUEL PORTORREAL, JOSHUA
MOSCOSO, and POLICE OFFICERS JOHN DOE #1-10,

                                        Defendants.
------------------------------------------------------------------------- X

**ANSWER TO THE
COMPLAINT
ON BEHALF OF DEFENDANT
CITY OF NEW YORK**

25-CV-7926 (JPC)

**Jury Trial Demanded**

Defendant City of New York, by its attorney Steven Banks, Corporation Counsel

of the City of New York, for its Answer to the Complaint filed September 24, 2025, respectfully

alleges, upon information and belief, as follows:

1.      Denies the allegations set forth in paragraph "1" of the Complaint, except

admits that plaintiffs purport to proceed as stated therein.

2.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the Complaint.

3.      Denies the allegations set forth in paragraph "3" of the Complaint, except

admit that two victims reported that they had been robbed on September 28, 2022.

4.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "4" of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "5" of the Complaint.

1

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except deny that it made no sense for the officers to suspect the plaintiffs of having committed the robbery.

7.    Denies the allegations set forth in paragraph "7" of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.    Denies the allegations set forth in paragraph "9" of the Complaint.

10.    Denies the allegations set forth in paragraph "10" of the Complaint.

11.    Denies the allegations set forth in paragraph "11" of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.    Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiffs were arrested for robbery in the first degree and criminal possession of a weapon in the fourth degree.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to the arraignment or dismissal of the charges.

14.    Denies the allegations set forth in paragraph "14" of the Complaint, and refers the Court to the cited documents for a full and accurate recitation of their contents.

15.    Denies the allegations set forth in paragraph "15" of the Complaint, except admits that plaintiffs purport to proceed as stated therein.

16.    Denies the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction and supplemental jurisdiction of the Court as stated therein.

17.     Denies the allegations set forth in paragraph "17" of the Complaint, except admits that plaintiffs purport to base venue as stated therein.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.     Denies the allegations set forth in paragraph "19" of the Complaint, except admits that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York.

20.     Denies the allegations set forth in paragraph "20" of the Complaint, except Admits that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York Police Department.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, except admits that Lowell Tapia, Jeffrey Ward, Tomas Schir, Pedro Marcano, Mainul Haque, Joseph O'Shea, Christian Anasa, Emmanual Portorreal, and Joshua Moscoso were employed by the City of New York as members of the New York City Police Department on September 28, 2022.

22.     Denies the allegations set forth in paragraph "22" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

23.     Denies the allegations set forth in paragraph "23" of the Complaint.

24.     Denies the allegations set forth in paragraph "24" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, except admits that at approximately 11:15 p.m., a victim walked into an NYPD precinct and reported that he had been robbed.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that at approximately 11:30 p.m. on September 28, 2022, Tapia and Ward were present in the vicinity of Henry Hudson Parkway and West 158th Street.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except admits that Henry Jimenez was stopped by Tapia and Ward.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except admits that Henry Jimenez was arrested and placed inside of an NYPD vehicle.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, except state that Henry Jimenez was arrested for robbery in the first degree and criminal possession of a weapon in the fourth degree.

35. Denies the allegations set forth in paragraph "35" of the Complaint, except admit that O'Shea, Anasa, Portorreal, Moscoso and Marcano were present in the vicinity of Henry Hudson Parkway and West 158th Street.

36. Admits the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint, except admits that plaintiffs were arrested.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50.     Denies the allegations set forth in paragraph "50" of the Complaint.

51.     Denies allegations set forth in paragraph "51" of the Complaint.

52.     Denies the allegations set forth in paragraph "52" of the Complaint.

53.     Denies the allegations set forth in paragraph "53" of the Complaint.

54.     Admits the allegations set forth in paragraph "54" of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56.     Denies the allegations set forth in paragraph "56" of the Complaint, except states that the Plaintiffs were arrested.

57.     Denies the allegations set forth in paragraph "57" of the Complaint.

58.     Denies the allegations set forth in paragraph "58" of the Complaint.

59.     Denies the allegations set forth in paragraph "59" of the Complaint.

60.     Denies the allegations set forth in paragraph "60" of the Complaint.

61.     Denies the allegations set forth in paragraph "61" of the Complaint.

62.     Denies the allegations set forth in paragraph "62" of the Complaint, except admits the plaintiffs were taken to the 33rd Precinct.

63.     Denies the allegations set forth in paragraph "63" of the Complaint, except admits that Schir approved the arrests.  Defendant denies knowledge or information sufficient to form a belief as to the role of Marcano or Haque.

64.     Denies the allegations set forth in paragraph "64" of the Complaint, except states those officers were present at the scene.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67.    Denies the allegations set forth in paragraph "67" of the Complaint.

68.    In response to the allegations set forth in paragraph "68" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

69.    Denies the allegations set forth in paragraph "69" of the Complaint.

70.    Denies the allegations set forth in paragraph "70" of the Complaint.

71.    Denies the allegations set forth in paragraph "71" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

72.    Denies the allegations set forth in paragraph "72" of the Complaint.

73.    In response to the allegations set forth in paragraph "73" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

74.    Denies the allegations set forth in paragraph "74" of the Complaint.

75.    Denies the allegations set forth in paragraph "75" of the Complaint.

76.    Denies the allegations set forth in paragraph "76" of the Complaint.

77.    Denies the allegations set forth in paragraph "77" of the Complaint.

78.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79.    Denies the allegations set forth in paragraph "79" of the Complaint.

80.    In response to the allegations set forth in paragraph "80" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

81.    Denies the allegations set forth in paragraph "81" of the Complaint.

82.    Denies the allegations set forth in paragraph "82" of the Complaint.

83.    Denies the allegations set forth in paragraph "83" of the Complaint.

84.    Denies the allegations set forth in paragraph "84" of the Complaint.

85.    In response to the allegations set forth in paragraph "85" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

86.    Denies the allegations set forth in paragraph "86" of the Complaint.

87.    Denies the allegations set forth in paragraph "87" of the Complaint.

88.    Denies the allegations set forth in paragraph "88" of the Complaint.

89.    Denies the allegations set forth in paragraph "89" of the Complaint.

90.    Denies the allegations set forth in paragraph "90" of the Complaint.

91.    Denies the allegations set forth in paragraph "91" of the Complaint.

92.    Denies the allegations set forth in paragraph "92" of the Complaint.

93.    Denies the allegations set forth in paragraph "93" of the Complaint.

94.    In response to the allegations set forth in paragraph "53"[1] of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

95.    Denies the allegations set forth in paragraph "54" of the Complaint.

---

[1] At this point in the Complaint, the paragraph numbering is erroneously set back to 53.

96.     Denies the allegations set forth in paragraph "55" of the Complaint.

97.     Denies the allegations set forth in paragraph "56" of the Complaint.

98.     Denies the allegations set forth in paragraph "57" of the Complaint.

99.     Denies the allegations set forth in paragraph "58" of the Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

101.    Denies the allegations set forth in paragraph "60" of the Complaint.

102.    Denies the allegations set forth in paragraph "61" of the Complaint.

103.    Denies the allegations set forth in paragraph "62" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

104.    Denies the allegations set forth in paragraph "63" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

105.    Denies the allegations set forth in paragraph "64" of the Complaint.

**AS AND FOR A FIRST DEFENSE / AFFIRMATIVE DEFENSE:**

106.    The Complaint fails to state a claim upon which relief can be granted because there was probable cause for plaintiffs' arrests and prosecutions and because no defendant fabricated any evidence.

**AS AND FOR A SECOND DEFENSE / AFFIRMATIVE DEFENSE:**

107.    Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

9

**AS AND FOR A THIRD DEFENSE / AFFIRMATIVE DEFENSE:**

108.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant City.

**AS AND FOR A FOURTH DEFENSE / AFFIRMATIVE DEFENSE:**

109.    Punitive damages cannot be assessed against defendant City of New York.

**AS AND FOR A FIFTH DEFENSE / AFFIRMATIVE DEFENSE:**

110.    There was probable cause for plaintiffs' arrests, detentions and prosecutions.

**AS AND FOR A SIXTH DEFENSE / AFFIRMATIVE DEFENSE**

111.    At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the

Complaint in its entirety, together with the costs and disbursements of this action, and such other

and further relief as the Court may deem just and proper.

Dated:      New York, New York
           April 10, 2026

STEVEN BANKS
Corporation Counsel of the City of New York
*Attorney for Defendant City*
100 Church Street
New York, NY 10007
(212) 356-2599

By:    /s/ *Carolyn Depoian*
      Carolyn Depoian
      *Senior Counsel*

cc:    **VIA ECF**
      Elliot D. Shields
      Roth & Roth, LLP
      *Attorneys for Plaintiff*
      192 Lexington Ave. Suite 802
      New York, New York 10016

11