UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

HENRY JIMENEZ, BRAYAN SANTIAGO, and
GERALD SANTIAGO

                                        Plaintiffs,

        - against –

CITY OF NEW YORK, LOWELL TAPIA, JEFFREY
WARD, TOMAS SCHIR, PEDRO MARCANO,
MAINUL HAQUE, JOSEPH O'SHEA, CHRISTIAN
ANASA, EMMANUEL PORTORREAL, JOSHUA
MOSCOSO, and POLICE OFFICERS JOHN DOE #1-10
(the names of whom are presently unknown but who were
assigned to the 33rd Precinct),

                                        Defendants.
------------------------------------------------------------------------ X

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS LOWELL TAPIA, JEFFREY WARD, TOMAS SCHIR, PEDRO MARCANO, JOSEPH O'SHEA, CHRISTIAN ANASA, EMMANUEL PORTORREAL, AND JOSHUA MOSCOSO**

25-CV-07926 (JPC)

**Jury Trial Demanded**

        Defendants Lowell Tapia, Jeffrey Ward, Tomas Schir, Pedro Marcano, Joseph O'Shea, Christian Anasa, Emmanuel Portorreal, and Joshua Moscoso, by their attorney Steven Banks, Corporation Counsel of the City of New York, for their Answer to the Complaint filed September 25, 2025, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in Paragraph "1" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

        2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2" of the Complaint.

        3.      Deny the allegations set forth in Paragraph "3" of the Complaint, except admit that two victims reported that they had been robbed on September 28, 2022.

        4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint.

1

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint.

6.      Deny the allegations set forth in Paragraph "6" of the Complaint.

7.      Deny the allegations set forth in Paragraph "7" of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint, except admit that members of the NYPD arrested Plaintiff Henry Jimenez.

9.      Deny the allegations set forth in Paragraph "9" of the Complaint, except admit that NYPD officers did conduct a showup identification.

10.      Deny the allegations set forth in Paragraph "10" of the Complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13.      Deny the allegations set forth in Paragraph "13" of the Complaint, except admit that Plaintiffs were arrested for Robbery in the First Degree and Criminal Possession of a Weapon in the Fourth Degree, and deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to the arraignment or dismissal of the charges.

14.      Deny the allegations set forth in Paragraph "14" of the Complaint, and refer the Court to the cited documents for a full and accurate recitation of their contents.

15.      Deny the allegations set forth in Paragraph "15" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

2

16.     Deny the allegations set forth in Paragraph "16" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction and supplemental jurisdiction of the Court as stated therein.

17.     Deny the allegations set forth in Paragraph "17" of the Complaint, except admit that Plaintiffs purport to base venue as stated therein.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19.     Deny the allegations set forth in Paragraph "19" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York.

20.     Deny the allegations set forth in Paragraph "20" of the Complaint, except Admit that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York Police Department.

21.     Deny the allegations set forth in Paragraph "21" of the Complaint, except admit that Lowell Tapia, Jeffrey Ward, Tomas Schir, Pedro Marcano, Mainul Haque, Joseph O'Shea, Christian Anasa, Emmanual Portorreal, and Joshua Moscoso were employed by the City of New York, as members of the New York City Police Department, on September 28, 2022 and deny knowledge and information to sufficient to form a belief as to the truth of the matter as it pertains to unidentified defendants.

22.     Deny the allegations set forth in Paragraph "22" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

3

23.     Deny the allegations set forth in Paragraph "23" of the Complaint.

24.     Deny the allegations set forth in Paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint, except admit that at approximately 11:15 p.m., a victim walked into an NYPD precinct and reported that he had been robbed.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29.     Deny the allegations set forth in Paragraph "29" of the Complaint, except admit that at approximately 11:30 p.m. on September 28, 2022, defendants Tapia and Ward were present in the vicinity of Henry Hudson Parkway and West 158th Street.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Complaint, except admit that Defendants Tapia and Ward did stop one of the Plaintiffs, upon information and belief.

31.     Deny the allegations set forth in Paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint, except admit that Henry Jimenez was stopped by defendants Tapia and Ward.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint, except admit that Henry Jimenez was arrested and placed inside of an NYPD vehicle.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34" of the Complaint, except admit that Henry Jimenez was arrested for Robbery in the First Degree and Criminal Possession of a Weapon in the Fourth Degree.

35.    Deny the allegations set forth in Paragraph "35" of the Complaint, except admit that defendants O'Shea, Anasa, Portorreal, Moscoso and Marcano were present in the vicinity of Henry Hudson Parkway and West 158th Street on September 28, 2022.

36.    Deny the allegations set forth in Paragraph "36" of the Complaint, except admit that plaintiffs Brayan Santiago and Gerald Santiago were also stopped by members of the NYPD.

37.    Deny the allegations set forth in Paragraph "37" of the Complaint.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38" of the Complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "41" of the Complaint.

42.    Deny the allegations set forth in Paragraph "42" of the Complaint.

43.     Deny the allegations set forth in Paragraph "43" of the Complaint, except admit that Plaintiffs were arrested.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "44" of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "45" of the Complaint.

46.     Deny the allegations set forth in Paragraph "46" of the Complaint.

47.     Deny the allegations set forth in Paragraph "47" of the Complaint.

48.     Deny the allegations set forth in Paragraph "48" of the Complaint.

49.     Deny the allegations set forth in Paragraph "49" of the Complaint.

50.     Deny the allegations set forth in Paragraph "50" of the Complaint.

51.     Deny the allegations set forth in Paragraph "51" of the Complaint.

52.     Deny the allegations set forth in Paragraph "52" of the Complaint.

53.     Deny the allegations set forth in Paragraph "53" of the Complaint.

54.     Admit the allegations set forth in Paragraph "54" of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "55" of the Complaint.

56.     Deny the allegations set forth in Paragraph "56" of the Complaint, except states that the Plaintiffs were arrested.

57.     Deny the allegations set forth in Paragraph "57" of the Complaint.

58.     Deny the allegations set forth in Paragraph "58" of the Complaint.

59.     Deny the allegations set forth in Paragraph "59" of the Complaint.

60.     Deny the allegations set forth in Paragraph "60" of the Complaint.

6

61. Deny the allegations set forth in Paragraph "61" of the Complaint.

62. Deny the allegations set forth in Paragraph "62" of the Complaint, except admit the Plaintiffs were transported to the 33rd Precinct.

63. Deny the allegations set forth in Paragraph "63" of the Complaint, except admit that defendant Schir approved the arrests, and deny knowledge or information sufficient to form a belief as to the role of defendants Marcano or Haque.

64. Deny the allegations set forth in Paragraph "64" of the Complaint, except admit that the officers were present at the scene.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "65" of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "66" of the Complaint.

67. Deny the allegations set forth in Paragraph "67" of the Complaint.

68. In response to the allegations set forth in Paragraph "68" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding Paragraphs of this answer, as if fully set forth herein.

69. Deny the allegations set forth in Paragraph "69" of the Complaint.

70. Deny the allegations set forth in Paragraph "70" of the Complaint.

71. Deny the allegations set forth in Paragraph "71" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

72. Deny the allegations set forth in Paragraph "72" of the Complaint.

73. In response to the allegations set forth in Paragraph "73" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding Paragraphs of this answer, as if fully set forth herein.

74. Deny the allegations set forth in Paragraph "74" of the Complaint.

75. Deny the allegations set forth in Paragraph "75" of the Complaint.

76. Deny the allegations set forth in Paragraph "76" of the Complaint.

77. Deny the allegations set forth in Paragraph "77" of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "78" of the Complaint.

79. Deny the allegations set forth in Paragraph "79" of the Complaint.

80. In response to the allegations set forth in Paragraph "80" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding Paragraphs of this answer, as if fully set forth herein.

81. Deny the allegations set forth in Paragraph "81" of the Complaint.

82. Deny the allegations set forth in Paragraph "82" of the Complaint.

83. Deny the allegations set forth in Paragraph "83" of the Complaint.

84. Deny the allegations set forth in Paragraph "84" of the Complaint.

85. In response to the allegations set forth in Paragraph "85" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding Paragraphs of this answer, as if fully set forth herein.

86. Deny the allegations set forth in Paragraph "86" of the Complaint.

87. Deny the allegations set forth in Paragraph "87" of the Complaint.

88. Deny the allegations set forth in Paragraph "88" of the Complaint.

89.    Deny the allegations set forth in Paragraph "89" of the Complaint.

90.    Deny the allegations set forth in Paragraph "90" of the Complaint.

91.    Deny the allegations set forth in Paragraph "91" of the Complaint.

92.    Deny the allegations set forth in Paragraph "92" of the Complaint.

93.    Deny the allegations set forth in Paragraph "93" of the Complaint.

94.    In response to the allegations set forth in Paragraph "53"[1] of the Complaint, Defendants repeat and reallege the responses set forth in the preceding Paragraphs of this answer, as if fully set forth herein.

95.    Deny the allegations set forth in Paragraph "54" of the Complaint.

96.    Deny the allegations set forth in Paragraph "55" of the Complaint.

97.    Deny the allegations set forth in Paragraph "56" of the Complaint.

98.    Deny the allegations set forth in Paragraph "57" of the Complaint.

99.    Deny the allegations set forth in Paragraph "58" of the Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "59" of the Complaint.

101.    Deny the allegations set forth in Paragraph "60" of the Complaint.

102.    Deny the allegations set forth in Paragraph "61" of the Complaint.

103.    Deny the allegations set forth in Paragraph "62" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

104.    Deny the allegations set forth in Paragraph "63" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

---

[1] Plaintiffs' Complaint erroneously reverts back to paragraph number 53, thus, for clarity and consistency, Defendants' replicate Plaintiffs' duplicative numbering.

9

105.    Deny the allegations set forth in Paragraph "64" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE:

106.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

107.    Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants Tapia, Ward, Schir, Marcano, O'Shea, Anasa, Portorreal, or Moscoso.

## THIRD AFFIRMATIVE DEFENSE:

108.    There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop and search.

## FOURTH AFFIRMATIVE DEFENSE:

109.    There was probable cause for Plaintiffs' arrests, detentions and prosecutions.

## FIFTH AFFIRMATIVE DEFENSE:

110.    Defendants Tapia, Ward, Schir, Marcano, O'Shea, Anasa, Portorreal, or Moscoso have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## SIXTH AFFIRMATIVE DEFENSE:

111.    Defendants Tapia, Ward, Schir, Marcano, O'Shea, Anasa, Portorreal, or Moscoso have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE:**

112. Plaintiffs may have failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

**EIGHTH AFFIRMATIVE DEFENSE:**

113. Plaintiffs' claims are barred, in part, by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE:**

114. At all times relevant to the acts alleged in the Complaint, defendants Tapia, Ward, Schir, Marcano, O'Shea, Anasa, Portorreal, and Moscoso acted reasonably in the proper and lawful exercise of their discretion.

**TENTH AFFIRMATIVE DEFENSE:**

115. Plaintiffs have failed to mitigate their alleged damages.

**WHEREFORE,** Defendants Tapia, Ward, Schir, Marcano, O'Shea, Anasa, Portorreal, and Moscoso request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 11, 2026

STEVEN BANKS
Corporation Counsel of the City of New York
*Attorney for Defendant City, Tapia, Ward, Schir, Marcano, O'Shea, Anasa, Portorreal, and Moscoso*
100 Church Street
New York, NY 10007
(212) 356-1981

By:      /s/ *Gene Dirks*
         Gene Dirks
         *Senior Counsel*

11

Cc:    **VIA ECF**
      Elliot D. Shields
      Roth & Roth, LLP
      *Attorneys for Plaintiff*
      192 Lexington Ave. Suite 802
      New York, New York 10016