UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

HENRY JIMENEZ, BRAYAN SANTIAGO, and
GERALD SANTIAGO

                                     Plaintiffs,

                - against –

CITY OF NEW YORK, LOWELL TAPIA, JEFFREY
WARD, TOMAS SCHIR, PEDRO MARCANO,
MAINUL HAQUE, JOSEPH O'SHEA, CHRISTIAN
ANASA, EMMANUEL PORTORREAL, JOSHUA
MOSCOSO, and POLICE OFFICERS JOHN DOE #1-10
(the names of whom are presently unknown but who were
assigned to the 33rd Precinct),

                                     Defendants.
------------------------------------------------------------------------- X

**ANSWER TO THE
COMPLAINT ON BEHALF OF
DEFENDANT MAINUL
HAQUE**

25-CV-07926 (JPC)

**Jury Trial Demanded**

        Defendant Mainul Haque, by his attorney Steven Banks, Corporation Counsel of

the City of New York, for his Answer to the Complaint filed September 25, 2025, respectfully

alleges, upon information and belief, as follows:

        1.   Denies the allegations set forth in Paragraph "1" of the Complaint, except

admits that Plaintiffs purport to proceed as stated therein.

        2.   Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph "2" of the Complaint.

        3.   Denies the allegations set forth in Paragraph "3" of the Complaint, except

admits that two victims reported that they had been robbed on September 28, 2022.

        4.   Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph "4" of the Complaint.

        5.   Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph "5" of the Complaint.

6.  Denies the allegations set forth in Paragraph "6" of the Complaint.

7.  Denies the allegations set forth in Paragraph "7" of the Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint, except admits that members of the NYPD arrested Plaintiff Henry Jimenez.

9.  Denies the allegations set forth in Paragraph "9" of the Complaint, except admits that NYPD officers did conduct a showup identification.

10. Denies the allegations set forth in Paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13. Denies the allegations set forth in Paragraph "13" of the Complaint, except admits that Plaintiffs were arrested for Robbery in the First Degree and Criminal Possession of a Weapon in the Fourth Degree, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to the arraignment or dismissal of the charges.

14. Denies the allegations set forth in Paragraph "14" of the Complaint, and refers the Court to the cited documents for a full and accurate recitation of their contents.

15. Denies the allegations set forth in Paragraph "15" of the Complaint, except admits that Plaintiffs purport to proceed as stated therein.

16. Denies the allegations set forth in Paragraph "16" of the Complaint, except admits that Plaintiffs purport to invoke the jurisdiction and supplemental jurisdiction of the Court as stated therein.

17. Denies the allegations set forth in Paragraph "17" of the Complaint, except admits that Plaintiffs purport to base venue as stated therein.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19. Denies the allegations set forth in Paragraph "19" of the Complaint, except admits that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York.

20. Denies the allegations set forth in Paragraph "20" of the Complaint, except admits that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York Police Department.

21. Denies the allegations set forth in Paragraph "21" of the Complaint, except admits that Lowell Tapia, Jeffrey Ward, Tomas Schir, Pedro Marcano, Mainul Haque, Joseph O'Shea, Christian Anasa, Emmanual Portorreal, and Joshua Moscoso were employed by the City of New York, as members of the New York City Police Department, on September 28, 2022 and denies knowledge and information to sufficient to form a belief as to the truth of the matter as it pertains to unidentified defendants.

22. Denies the allegations set forth in Paragraph "22" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

23. Denies the allegations set forth in Paragraph "23" of the Complaint.

24. Denies the allegations set forth in Paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint, except admits that at approximately 11:15 p.m., a victim walked into an NYPD precinct and reported that he had been robbed.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29. Denies the allegations set forth in Paragraph "29" of the Complaint, except admits that at approximately 11:30 p.m. on September 28, 2022, defendants Tapia and Ward were present in the vicinity of Henry Hudson Parkway and West 158th Street.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Complaint, except admits that Defendants Tapia and Ward did stop one of the Plaintiffs, upon information and belief.

31. Denies the allegations set forth in Paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint, except admits that Henry Jimenez was stopped by defendants Tapia and Ward.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "33" of the Complaint, except admits that Henry Jimenez was arrested and placed inside of an NYPD vehicle.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "34" of the Complaint, except admits that Henry Jimenez was arrested for Robbery in the First Degree and Criminal Possession of a Weapon in the Fourth Degree.

35. Denies the allegations set forth in Paragraph "35" of the Complaint, except admits that defendants O'Shea, Anasa, Portorreal, Moscoso and Marcano were present in the vicinity of Henry Hudson Parkway and West 158th Street on September 28, 2022.

36. Denies the allegations set forth in Paragraph "36" of the Complaint, except admits that plaintiffs Brayan Santiago and Gerald Santiago were also stopped by members of the NYPD.

37. Denies the allegations set forth in Paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "41" of the Complaint.

42. Denies the allegations set forth in Paragraph "42" of the Complaint.

43. Denies the allegations set forth in Paragraph "43" of the Complaint, except admits that Plaintiffs were arrested.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "44" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "45" of the Complaint.

46. Denies the allegations set forth in Paragraph "46" of the Complaint.

47. Denies the allegations set forth in Paragraph "47" of the Complaint.

48. Denies the allegations set forth in Paragraph "48" of the Complaint.

49. Denies the allegations set forth in Paragraph "49" of the Complaint.

50. Denies the allegations set forth in Paragraph "50" of the Complaint.

51. Denies the allegations set forth in Paragraph "51" of the Complaint.

52. Denies the allegations set forth in Paragraph "52" of the Complaint.

53. Denies the allegations set forth in Paragraph "53" of the Complaint.

54. Admits the allegations set forth in Paragraph "54" of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "55" of the Complaint.

56. Denies the allegations set forth in Paragraph "56" of the Complaint, except states that the Plaintiffs were arrested.

57. Denies the allegations set forth in Paragraph "57" of the Complaint.

58. Denies the allegations set forth in Paragraph "58" of the Complaint.

59. Denies the allegations set forth in Paragraph "59" of the Complaint.

60. Denies the allegations set forth in Paragraph "60" of the Complaint.

61. Denies the allegations set forth in Paragraph "61" of the Complaint.

62. Denies the allegations set forth in Paragraph "62" of the Complaint, except admits the Plaintiffs were transported to the 33rd Precinct.

63. Denies the allegations set forth in Paragraph "63" of the Complaint, except admits that defendant Schir approved the arrests, and denies knowledge or information sufficient to form a belief as to the role of defendant Marcano.

64. Denies the allegations set forth in Paragraph "64" of the Complaint, except admits that the officers were present at the scene.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "65" of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "66" of the Complaint.

67. Denies the allegations set forth in Paragraph "67" of the Complaint.

68. In response to the allegations set forth in Paragraph "68" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding Paragraphs of this answer, as if fully set forth herein.

69. Denies the allegations set forth in Paragraph "69" of the Complaint.

70. Denies the allegations set forth in Paragraph "70" of the Complaint.

71. Denies the allegations set forth in Paragraph "71" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

72. Denies the allegations set forth in Paragraph "72" of the Complaint.

73. In response to the allegations set forth in Paragraph "73" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding Paragraphs of this answer, as if fully set forth herein.

74. Denies the allegations set forth in Paragraph "74" of the Complaint.

75. Denies the allegations set forth in Paragraph "75" of the Complaint.

76. Denies the allegations set forth in Paragraph "76" of the Complaint.

77. Denies the allegations set forth in Paragraph "77" of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "78" of the Complaint.

79. Denies the allegations set forth in Paragraph "79" of the Complaint.

80. In response to the allegations set forth in Paragraph "80" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding Paragraphs of this answer, as if fully set forth herein.

81. Denies the allegations set forth in Paragraph "81" of the Complaint.

82. Denies the allegations set forth in Paragraph "82" of the Complaint.

83. Denies the allegations set forth in Paragraph "83" of the Complaint.

84. Denies the allegations set forth in Paragraph "84" of the Complaint.

85. In response to the allegations set forth in Paragraph "85" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding Paragraphs of this answer, as if fully set forth herein.

86. Denies the allegations set forth in Paragraph "86" of the Complaint.

87. Denies the allegations set forth in Paragraph "87" of the Complaint.

88. Denies the allegations set forth in Paragraph "88" of the Complaint.

89. Denies the allegations set forth in Paragraph "89" of the Complaint.

90. Denies the allegations set forth in Paragraph "90" of the Complaint.

91. Denies the allegations set forth in Paragraph "91" of the Complaint.

92. Denies the allegations set forth in Paragraph "92" of the Complaint.

93. Denies the allegations set forth in Paragraph "93" of the Complaint.

94. In response to the allegations set forth in Paragraph "53"[1] of the Complaint, Defendant repeats and realleges the responses set forth in the preceding Paragraphs of this answer, as if fully set forth herein.

95. Denies the allegations set forth in Paragraph "54" of the Complaint.

96. Denies the allegations set forth in Paragraph "55" of the Complaint.

97. Denies the allegations set forth in Paragraph "56" of the Complaint.

98. Denies the allegations set forth in Paragraph "57" of the Complaint.

99. Denies the allegations set forth in Paragraph "58" of the Complaint.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "59" of the Complaint.

101. Denies the allegations set forth in Paragraph "60" of the Complaint.

102. Denies the allegations set forth in Paragraph "61" of the Complaint.

103. Denies the allegations set forth in Paragraph "62" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

---

[1] Plaintiffs' Complaint erroneously reverts back to paragraph number 53, thus, for clarity and consistency, Defendant replicates Plaintiffs' duplicative numbering.

104. Denies the allegations set forth in Paragraph "63" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

105. Denies the allegations set forth in Paragraph "64" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE:

106. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

107. Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant Haque.

## THIRD AFFIRMATIVE DEFENSE:

108. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop and search.

## FOURTH AFFIRMATIVE DEFENSE:

109. There was probable cause for Plaintiffs' arrests, detentions and prosecutions.

## FIFTH AFFIRMATIVE DEFENSE:

110. Defendant Haque has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**SIXTH AFFIRMATIVE DEFENSE:**

111.    Defendant Haque has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE:**

112.    Plaintiffs may have failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

**EIGHTH AFFIRMATIVE DEFENSE:**

113.    Plaintiffs' claims are barred, in part, by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE:**

114.    At all times relevant to the acts alleged in the Complaint, defendant Haque acted reasonably in the proper and lawful exercise of their discretion.

**TENTH AFFIRMATIVE DEFENSE:**

115.    Plaintiffs have failed to mitigate their alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE:**

116.    Defendant Haque had no personal involvement in the incidents alleged in the Complaint.

**WHEREFORE,** Defendant Haque requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           May 26, 2026

STEVEN BANKS
Corporation Counsel of the City of New York
*Attorney for Defendants City, Tapia, Ward, Schir, Marcano, O'Shea, Anasa, Portorreal, Moscoso and Haque*
100 Church Street
New York, NY 10007
(212) 356-1981

By:     /s/ *Gene Dirks*
        Gene Dirks
        *Senior Counsel*

Cc:     **VIA ECF**
        Elliot D. Shields
        Roth & Roth, LLP
        *Attorneys for Plaintiff*
        192 Lexington Ave. Suite 802
        New York, New York 10016